IN THE UNITED STATES COURT OF APPEALS
ELEVENTH CIRCUIT

---

CASE NO. 23-13702-F

---

SANDRA RAMIREZ,

Plaintiff/Appellant,

v.

WALMART, INC.,

Defendant/Appellee.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

---

BRIEF FOR THE APPELLANT

---

JASON S. REMER, ESQ.
*ATTORNEY FOR APPELLANT*

**REMER, GEORGES-PIERRE &
HOOGERWOERD, PLLC**
2745 Ponce de Leon Boulevard
Coral Gables, FL 33134
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

In The United States Court Of Appeals
Eleventh Circuit

Case No: 23-13702-F

SANDRA RAMIREZ,

　　　Appellant,

v.

WALMART, INC.,

　　　Appellee.

_____/

## **CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT**

I hereby disclose the following list of trial judge(s), and all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this appeal, including subsidiaries, conglomerates, affiliates and parent corporations, including any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party, pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and Rule 28-1 of the United States Court of Appeals for the Eleventh Circuit:

1. Ramirez, Sandra – Appellant.

2. Remer, Georges-Pierre & Hoogerwoerd, PLLC – Attorney for Appellant.

i

3.  Remer, Jason S. – Attorney for Appellant.

4.  Scola, Jr., Robert N. – United States District Court Judge.

5.  Sparks, Derek H. – Attorney for Appellee.

6.  Walmart Inc. – Appellee.

## **STATEMENT REGARDING ORAL ARGUMENT**

Appellant does not request oral argument in this case.

# **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE
     DISCLOSURE STATEMENT ........................................................................ i

STATEMENT REGARDING ORAL ARGUMENT ............................................ iii

TABLE OF CONTENTS ......................................................................... iv

TABLE OF CITATIONS .......................................................................... vi

STATEMENT OF JURISDICTION ............................................................... 1

STATEMENT OF THE ISSUES .................................................................. 2

   I.  Did the district court err in finding that Plaintiff's allegations were
      insufficient to plausibly state claims for discrimination and retaliation? ........ 2

  II.  Did the district court abuse its discretion in failing to grant Plaintiff at
      least one opportunity to amend her complaint? ............................................. 2

STATEMENT OF THE CASE ..................................................................... 3

   I.  The Course of Proceedings and Dispositions in the Court Below. ................. 3

  II.  Statement of the Facts ............................................................................... 4

  III. Statement of the Standard of Review. ......................................................... 6

SUMMARY OF THE ARGUMENT ............................................................... 7

ARGUMENT ....................................................................................... 8

   I.  PLAINTIFF'S COMPLAINT STATED PLAUSIBLE CLAIMS FOR
      DISCRIMINATION AND RETALIATION. ................................................. 8

      A.  Legal Standards on a Motion to Dismiss. ......................................... 8

      B.  Plaintiff Plausibly Stated Claims for Discrimination and
          Retaliation. ..................................................................................... 9

II. THE DISTRICT COURT ABUSED ITS DISCRETION BY DISMISSING PLAINTIFF'S CLAIMS WITH PREJUDICE...........................................10

CONCLUSION ......................................................................................................16

CERTIFICATE OF COMPLIANCE.....................................................................17

CERTIFICATE OF SERVICE ..............................................................................17

# TABLE OF CITATIONS

Page(s)

## Cases

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)........................................................................................8

*Bank v. Pitt*,
  928 F.2d 1108 (11th Cir. 1991) .....................................................................11

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)................................................................................ 8, 9, 10

*Brisson v. Ford Motor Co.*,
  349 Fed. Appx. 433 (11th Cir. 2009)..................................................... 14, 15, 16

*Conley v. Gibson*,
  355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)....................................................8

*Davis v. Coca-Cola Bottling Co.*,
  516 F.3d 955 (11th Cir. 2008) .......................................................................10

*Dussouy v. Gulf Coast Inv. Corp.*,
  660 F.2d 594 (5th Cir. 1981) .........................................................................12

*Jackson v. Bellsouth Telecomms.*,
  372 F.3d 1250 (11th Cir. 2004) ........................................................................8

*MSP Recovery, LLC v. Allstate Ins. Co.*,
  835 F.3d 1351 (11th Cir. 2016) ........................................................................6

*Pinnacle Advert. & Mktg. Group, Inc. v. Pinnacle Advert. & Mktg. Group, LLC*,
  7 F.4th 989 (11th Cir. 2021) ..........................................................................11

*Rice-Lamar v. City of Fort Lauderdale*,
  232 F.3d 836 (11th Cir. 2000) ..........................................................................9

*Skinner v. Switzer*,
  562 U.S. 521, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011)........................................8

*Stephens v. Dep't of Health & Human Servs*.,
901 F.2d 1571 (11th Cir. 1990) ...............................................................9

*Swierkiewicz v. Sorema, N.A.*,
534 U.S. 506 (2002) ................................................................................9

*Vibe Micro, Inc. v. Shabanets*,
878 F.3d 1291 (11th Cir. 2018) ...........................................................13

*Wagner v. Daewoo Heavy Indus. Am. Corp.*,
314 F.3d 541 (11th Cir. 2002) (*en banc* ..................................... 11, 15

*Weisbarth v. Geauga Park Dist*.,
499 F.3d 538 (6th Cir. 2007) ..................................................................8

*Woldeab v. Dekalb Cnty. Bd. of Ed*.,
885 F.3d 1289 (11th Cir. 2018) ..............................................................6

**Statutes**

28 U.S.C. § 1291 ....................................................................................1

28 U.S.C. § 1332(a)(1) ............................................................................1

**Rules**

Fed. R. App. P. 4(a)(1)(A) ......................................................................1

Fed. R. App. P. 32 .................................................................................17

Fed. R. Civ. P. 8(a)(2) ............................................................................8

Fed. R. Civ. P. 12(b)(6) ......................................................................7, 13

Fed. R. Civ. P. 15 ..................................................................................11

## <u>STATEMENT OF JURISDICTION</u>

This Court has jurisdiction under 28 U.S.C. § 1291 which states that "[t]he courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States." Notice of appeal was timely filed "within 30 days after the judgment or order appealed from is entered" pursuant to Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure.

The District Court had federal question jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), under which "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – citizens of different States."

1

## <u>STATEMENT OF THE ISSUES</u>

I.  Did the district court err in finding that Plaintiff's allegations were insufficient to plausibly state claims for discrimination and retaliation?

II. Did the district court abuse its discretion in failing to grant Plaintiff at least one opportunity to amend her complaint?

## STATEMENT OF THE CASE

**I.    The Course of Proceedings and Dispositions in the Court Below.**

Plaintiff/Appellant, Sandra Ramirez ("Plaintiff"), brought this case for discrimination and retaliation against her former employer, Walmart Inc. ("Defendant"). On May 11, 2023, Plaintiff commenced her state-court action against Defendant by filing her Complaint in the 11th Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2023-016588-CA-01. *See* ECF No. 1 p. 1. In the Complaint, Plaintiff alleged that Defendant violated the Florida Civil Rights Act ("FCRA") by discriminating against Plaintiff on the basis of her age and sex, creating a hostile work environment, and retaliating against her after she complained about discriminatory conduct. *See generally* ECF No. 1-2. On June 30, 2023, Defendant removed Plaintiff's case to federal court on the basis of diversity jurisdiction. *See* ECF No. 1.

Thereafter, Defendant moved to dismiss Plaintiff's Complaint arguing broadly that Plaintiff had not alleged facts sufficient to support any of her claims under the FCRA.. *See* ECF No. 12. Plaintiff opposed the motion, insisting she had indeed set forth sufficient facts establishing each one of her claims. ECF No. 16. Defendant timely replied. ECF No. 17. The district court ultimately granted Defendant's Motion finding that Plaintiff's claims were not sufficiently pled. ECF No. 18. Notably, the court expressly dismissed all of Plaintiff's claims "**with**

**prejudice** and **without leave to amend**." *Id*. at p. 10 (emphasis in original). This appeal followed.

## II.    Statement of the Facts.

1.  Plaintiff is a 53-year-old female. Comp. ¶ 9.

2.  Plaintiff is a member of a protected class because of her age and gender. Comp. ¶ 10.

3.  In 2005, Plaintiff began working for Defendant as a cashier, then transferred to a Deli Worker position. Comp. ¶ 11.

4.  On or about March 2021, Jessica, a 30-year-old female, became Plaintiff's supervisor in the deli. Comp. ¶ 12.

5.  The young supervisor changed Plaintiff's schedule from morning shifts to night shifts, even though newly hired employees typically worked these shifts. Comp. ¶ 13.

6.  When Plaintiff informed her supervisor that new employees are typically are given night shifts, the supervisor told Plaintiff that her years of experience were worthless, she did not care how old Plaintiff was, and that she was going to make Plaintiff work nights anyway. Comp. ¶ 14.

7.  The supervisor told Plaintiff that if she did not accept the changes in her schedule, her hours would be reduced and she would lose her full-time benefits. Comp. ¶ 15.

4

8.  On or about March 2021, Plaintiff was written up by her supervisor for failing to supervise and instruct new employees, despite the fact that Plaintiff was not a supervisor. Comp. ¶ 16.

9.  On or about May 2021, Plaintiff was sexually harassed by employee R. Perez, when she was cleaning a freezer. Plaintiff was sexually touched and victimized. Comp. ¶ 17.

10. When Plaintiff reported the sexual harassment incident to Defendant through Plaintiff's manager, nothing was done. Management said to Plaintiff that the harassment must have occurred because there was an inappropriate relationship between herself and Perez. Comp. ¶ 18.

11. A few days after Plaintiff reported the sexual harassment incident, Plaintiff was written up again by this same supervisor clearly in retaliation for her complaints of discrimination and sexual harassment.  Comp. ¶ 19.

12. On or about May 15, 2021, Plaintiff requested off of work until May 25. Comp. ¶ 20.

13. Another supervisor, Jonathan, approved Plaintiff's vacation. Comp. ¶ 21.

14. On or about May 22, 2021, Plaintiff learned that she was scheduled on the days that she was approved for time off of work when she logged onto Defendant's scheduling platform. Comp. ¶ 22.

5

15. Plaintiff complained of the conflicting information surrounding her time off and was told by Human Resources there would be an investigation. Comp. ¶ 23.

16. On or about June 3 2021, Plaintiff was terminated. Defendant informed Plaintiff that her termination was due to her not coming into work on the days which coincided with those she had requested off of work and were originally approved by Jonathan.  Comp. ¶ 24.

17. Plaintiff was terminated based on age discrimination and/or gender discrimination/sexual harassment and/or in retaliation for her complaints of sexual harassment. Comp. ¶ 25.

18. Throughout her employment, Plaintiff was able to perform the essential functions of her job duties and responsibilities. Comp. ¶ 26.

19. At all relevant times, Plaintiff performed her job at satisfactory or above-satisfactory levels. Comp. ¶ 27.

20. Any reasons proffered by Defendant for her termination are mere pretext for unlawful discrimination. Comp. ¶ 28.

### III.    Statement of the Standard of Review.

This Court reviews dismissals for failure to state a claim *de novo*. *MSP Recovery, LLC v. Allstate Ins. Co.*, 835 F.3d 1351, 1357 (11th Cir. 2016). This Court reviews dismissals without leave to amend for abuse of discretion. *See Woldeab v. Dekalb Cnty. Bd. of Ed.*, 885 F.3d 1289, 1291 (11th Cir. 2018).

## SUMMARY OF THE ARGUMENT

Plaintiff respectfully submits that, despite not formally seeking leave to amend her complaint, her claims should not have been dismissed with prejudice and she should have been granted at least one opportunity to amend her complaint. Where the trial court made no finding that amendment would be futile or that Plaintiff's claims were otherwise frivolous as a matter of law, and in the absence of any bad-faith or dilatory motives, it was an abuse of discretion to dismiss the case with prejudice.

The sufficiency of pleadings is routinely a matter on which reasonable minds could differ. Yet, here, Plaintiff was essentially punished with the severest of all outcomes—dismissal with prejudice—even though she had a good-faith basis for opposing Defendant's Motion to Dismiss. This was not a situation in which Plaintiff's complaint was some incomprehensible shotgun pleading or wildly speculative shot-in-the-dark. To wit, neither the court nor even Defendant ever took the position that Plaintiff's complaint was patently frivolous; and the manner of the court's dismissal simply leaves no room for reasonable, good-faith, or even honestly mistaken opposition to a motion under Fed. R. Civ. P. 12(b)(6).

For these reasons, and as will be set forth fully below, this Court should reverse the with-prejudice dismissal of Plaintiff's claims and grant her at least one opportunity to amend her complaint.

7

## **ARGUMENT**

I.  **PLAINTIFF'S COMPLAINT STATED PLAUSIBLE CLAIMS FOR DISCRIMINATION AND RETALIATION.**

A.  Legal Standards on a Motion to Dismiss.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading requirements of Federal Rules 8 and 12 have been articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In *Ashcroft* and *Twombly*, the Supreme Court "raised the bar for pleading requirements beyond the old 'no-set-of-facts' standard of *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that prevailed for the last few decades." In doing so, however, it "did not significantly alter notice pleading or impose heightened pleading requirements for all federal claims." *Weisbarth v. Geauga Park Dist*., 499 F.3d 538, 542 (6th Cir. 2007). Instead, "Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, **not an exposition of [] legal argument[s]**." *Skinner v. Switzer*, 562 U.S. 521, 530, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011) (emphasis added).

On a motion to dismiss, the court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. *Jackson v. Bellsouth Telecomms*., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court

8

favors the plaintiff with all reasonable inferences from the allegations in the complaint. *Stephens v. Dep't of Health & Human Servs*., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). Dismissal is appropriate **only** where plaintiff has failed to provide some basis for the allegations that support the elements of his claims. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (requiring "only enough facts to state a claim to relief that is plausible on its face"). "[a]nd, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (citation omitted).

B.   <u>Plaintiff Plausibly Stated Claims for Discrimination and Retaliation.</u>

In the absence of direct evidence of discrimination, a plaintiff would assert a *prima facie* case of discrimination by alleging the elements of the *McDonnell Douglas* framework, i.e. that: "(1) she is a member of a protected class; (2) she was subjected to an adverse employment action; (3) her employer treated similarly situated employees who are not members of the plaintiff's class more favorably; and (4) she was qualified for the job or job benefit at issue." *Rice-Lamar v. City of Fort Lauderdale*, 232 F.3d 836, 842-843 (11th Cir. 2000).

However, the *McDonnell Douglas* framework is an evidentiary standard, not a pleading requirement. *See Swierkiewicz v. Sorema, N.A.* 534 U.S. 506, 514

(2002); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-570 (2007) (noting that the Court's holding does not run counter to *Swierkiewicz*, which held that "a complaint in an employment discrimination lawsuit [need] not contain specific facts establishing a *prima facie* case of discrimination"). Thus, a discrimination complaint need not allege facts sufficient to make out a classic *McDonnell Douglas prima facie* case but must only "provide 'enough factual matter (taken as true) to suggest' intentional [] discrimination." *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 974 (11th Cir. 2008).

Here, Plaintiff has met applicable pleading standards. Plaintiff's Complaint contains substantial and detailed factual allegations about the discriminatory treatment to which she was subjected. Comp. ¶¶ 9-18. Likewise, Plaintiff identified several instances of complaining about workplace discrimination and being terminated in retaliation. Comp. ¶¶ 19-28. For this reason, Plaintiff respectfully submits that her initial complaint adduced sufficient facts to allow a reasonable inference that she was discriminated against because of her age and sex, and that she was written up and terminated in retaliation for her protected complaints.

## II.  THE DISTRICT COURT ABUSED ITS DISCRETION BY DISMISSING PLAINTIFF'S CLAIMS WITH PREJUDICE.

Plaintiff respectfully submits that, despite not formally seeking leave to amend her complaint, her claims should not have been dismissed with prejudice and she should have been granted at least one opportunity to amend her complaint.

Where the trial court made no finding that amendment would be futile or that Plaintiff's claims were otherwise frivolous as a matter of law, and in the absence of any bad-faith or dilatory motives, it was an abuse of discretion to dismiss the case with prejudice.

Prior to 2002, a district court could not dismiss a complaint with prejudice without first giving the plaintiff a chance to amend the complaint if a more carefully drafted complaint might state a claim. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991). In 2002, however, the Eleventh Circuit overruled *Bank* in part and held that, "[a] district court is not <u>*required*</u> to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend." *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (*en banc*) (emphasis added).

Though it is not *required*, the Eleventh Circuit has "previously held that district courts have **<u>broad discretion</u>** to allow pleading amendments even when a party does not formally request leave." *Pinnacle Advert. & Mktg. Group, Inc. v. Pinnacle Advert. & Mktg. Group, LLC*, 7 F.4th 989, 1000 (11th Cir. 2021) (emphasis added). Indeed, Fed. R. Civ. P. 15 allows amendment with the "court's leave" and emphasizes that district courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Although the grant or denial of leave to amend is a matter within the discretion of the district court, this discretion is "severely

11

restrict[ed]." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981).

"The policy of the federal rules is to permit liberal amendment to facilitate

determination of claims on the merits and to prevent litigation from becoming a

technical exercise in the fine points of pleading." *Id.*

    Here, a review of the trial court's dismissal order leans much more toward a

technical analysis in the "fine points of pleading" and much less a determination

that there is no set of facts on which Plaintiff could state her claims. The key

holdings of the order were that Plaintiff "failed to *plead* facts sufficient to indicate

[Defendant's] treatment of her was motivated by discriminatory animus" and that

she "fail[ed] to *allege* that the person making the decision to terminate her was

aware of either her sexual-harassment report or her complaint to human resources."

ECF No. 18 pp. 7, 8 (emphasis added).

    But nowhere in its Order did the district court find that these alleged defects

could not be cured by adducing additional facts or that more detailed pleading

would be somehow futile. Undeniably, these are precisely the kind of flaws that

could be easily cured through amendment. In other words, the findings of the lower

should not be construed as determinations on the merits or substance of Plaintiff's

claims that would warrant dismissal with prejudice.

    The sufficiency of pleadings is routinely a matter on which reasonable minds

could differ. Yet, here, Plaintiff was essentially punished with the severest of all

12

outcomes—dismissal with prejudice—even though she had a good-faith basis for opposing Defendant's Motion to Dismiss. This was not a situation in which Plaintiff's complaint was some incomprehensible shotgun pleading[1] or wildly speculative shot-in-the-dark. To wit, neither the court nor even Defendant ever took the position that Plaintiff's complaint was patently frivolous; and the manner of the court's dismissal simply leaves no room for reasonable, good-faith, or even honestly mistaken opposition to a motion under Fed. R. Civ. P. 12(b)(6).

Taking all of this into consideration, Plaintiff respectfully submits that a court abuses its discretion by dismissing a case with prejudice and without leave to amend where a plaintiff has reasonable grounds for opposing a dismissal motion rather than amending as a matter of course or otherwise seeking leave of court to amend. The Eleventh Circuit has held as such under circumstances similar to the case at bar.

---

[1] Ironically, Plaintiff probably would have been on better legal footing if she had filed a shotgun pleading. "When a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court **must** *sua sponte* give him one chance to replead before dismissing his case with prejudice." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018) (emphasis added). The fact that filing an arguably more deficient shotgun complaint would have *required* the lower court to give Plaintiff at least one chance to amend reinforces her position that she should have been granted leave to cure simple pleading deficiencies in this case.

In *Brisson v. Ford Motor Co*., this Court affirmed a lower court's dismissal of the plaintiff's complaint, but nonetheless concluded "that the district court erred in *sua sponte* disallowing plaintiffs' leave to file a second amended complaint." 349 Fed. Appx. 433, 435 (11th Cir. 2009). In *Brisson*, the lower court correctly found that the operative complaint lacked allegations related to certain key elements of the claims asserted. *Id*. Yet, "[w]hen it granted [the defendant's] motion to dismiss the complaint in this case, the district court on its own, and without allowing the plaintiffs an opportunity to be heard, decided not to allow them to file an amended complaint." *Id*. The court based its decision on an *assumption* that the plaintiffs would not be able to meet the necessary pleading requirements which led to the premature and incorrect determination that leave to amend was futile. *Id*.

On appeal, the plaintiffs represented to the appellate court that they could in fact adduce additional allegations to cure the issues identified by the district court, and they argued that they should have been given an opportunity to be heard on whether such leave to amend was futile—and this Court agreed. *Id*. This Court explained that the "problem" with the trial court's assumption was that it "overlook[ed] the possibility that the plaintiffs mistakenly thought that the [] pleading requirement did not apply in the circumstances of this case." *Id*. The Court went on further to emphasize that said "problem" was underscored by the

14

fact that "the plaintiffs are ready, willing, and able to plead that they meet the []

requirements, something the district court assumed, without asking, that they could

not do." *Id*.

Additionally, and as is important here, the *Brisson* court reconciled its

holding with the *Wagner* case:

> Of course, we have held that "[a] district court is not required to grant
> a plaintiff leave to amend his complaint *sua sponte* when the plaintiff,
> who is represented by counsel, never filed a motion to amend nor
> requested leave to amend before the district court." *Wagner v.
> Daewoo Heavy Indus. Amer. Corp.*, 314 F.3d 541, 542 (11th
> Cir.2002) (emphasis added). The *Wagner* rule would apply here if the
> district court had simply dismissed the complaint in this case without
> more, and the plaintiffs had not moved to amend. But that is not what
> happened. **In the same order that dismissed the complaint, the
> district court told the plaintiffs not to bother even attempting to
> amend because the court was deciding in advance that they could
> not do so.** We decline to hold against the plaintiffs their failure to
> defy the district court's order telling them, in effect, not to file a
> motion to amend.

*Brisson*, 349 Fed. Appx. at 435 (emphasis added) (internal citation removed). This

is essentially the same position in which Plaintiff was replaced—and reversal of

the dismissal without leave to amend is similarly warranted.

Like in *Brisson*, Plaintiff had good-faith and reasonable belief that her initial

complaint, filed in state court, complied with applicable pleading standards which

led her to oppose Defendant's Motion to Dismiss rather than seek leave to amend.

Yet, by the same token, and like the *Brisson* plaintiffs, Plaintiff here stands "ready,

willing, and able" to identify comparators outside her protected classes who were

treated less favorably than her, and to plead sufficient facts to indicate Defendant's treatment of her was motivated by discriminatory animus, and to allege that the person making the decision to terminate her was aware of either her sexual-harassment report or her complaint to human resources. These are the pleading requirements that the district court found were not met—an issue on which reasonable minds could differ—but at the end of the day they can all be cured by simple amendment of the complaint as was the case in *Brisson*. The same result is warranted.

## **CONCLUSION**

In sum, based on the foregoing, Plaintiff respectfully requests that this Court reverse the dismissal of her claims and permit her to file an amended pleading. It simply cannot be established on the totality of evidence that such an amendment would be futile or otherwise unwarranted.

Dated January 17, 2024              Respectfully submitted,

/s/ Jason S. Remer
Jason S. Remer, Esq.
Fla. Bar No. 135580
*Counsel for Plaintiff/Appellant*

REMER, GEORGES-PIERRE &
HOOGERWOERD, PLLC
2745 Ponce de Leon Boulevard
Coral Gables, FL 33134
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

16

## <u>CERTIFICATE OF COMPLIANCE</u>

This Brief for the Appellant complies with the typeface and type style requirements of Fed. R. App. P. 32 because it contains 4,308 words and it has been prepared in 14-point Times New Roman font.

/s/ Jason S. Remer
Jason S. Remer, Esq.
Fla. Bar No. 135580
*Counsel for Plaintiff/Appellant*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on January 17, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

LIEBLER, GONZALEZ & PORTUONDO
Christine M. Manzo
Florida Bar No.: 52121
cmm@lgplaw.com
Derek H. Sparks
Florida Bar No.: 11434
dhs@lgplaw.com
Courthouse Tower – 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
service@lgplaw.com

/s/ Jason S. Remer
Jason S. Remer, Esq.
Fla. Bar No. 135580
*Counsel for Plaintiff/Appellant*

17