# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT
No.: 23-13702-F
D.C. Docket No.: 1:23-cv-22444-RNS

SANDRA RAMIREZ,

       Appellant,

v.

WALMART, INC.,

       Appellee.         /

## APPELLEE WALMART, INC'S ANSWER BRIEF

On Appeal from the United States District Court
For the Southern District of Florida

TRICIA J. DUTHIERS
Florida Bar No. 664731
tjd@lgplaw.com
*Counsel for Walmart, Inc.*
**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Telephone: (305) 379-0400
service@lgplaw.com

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1−1 through 26.1−5, Appellee Walmart, Inc. through its undersigned counsel, hereby files its Corporate Disclosure Statement and states:

1.　Appellee, Walmart Inc., is a publicly-traded company on the New York Stock Exchange under the symbol "WMT."  No parent company or publicly-held corporation owns more than 10% of the outstanding shares of Walmart Inc.

2.　The name of each person, attorney, association of persons, firm, law firm, partnership, and corporation that has or may have an interest in the outcome of this action, including subsidiaries, conglomerates, affiliates, parent corporations, publicly-traded companies that own 10% or more of a party's stock, and all other identifiable legal entities related to any party in the case are as follows:

a) Duthiers, Tricia J. – Counsel for Appellee Walmart, Inc.

b) Goodman, Jonathan – United States District Court Magistrate Judge, Southern District of Florida.

c) Liebler, Gonzalez & Portuondo – Counsel for Appellee, Walmart, Inc.

d) Manzo, Christine M. – Counsel for Defendant, Walmart, Inc.

e) Ramirez, Sandra – Appellant.

f) Remer Georges-Pierre & Hoogerwoerd, PLLC – Counsel for Appellant, Sandra Ramirez.

g) Remer, James S. – Counsel for Appellant, Sandra Ramirez.

h) Scola, Robert N. – United States District Court Judge, Southern District of Florida.

i) Sparks, Derek H. – Counsel for Defendant, Walmart, Inc.

j) Walmart, Inc. – Appellee.

k) Wojnar, Michael T. – Counsel for Appellant, Sandra Ramirez.

Respectfully submitted,

/s/ Tricia J. Duthiers
TRICIA J. DUTHIERS
Florida Bar No. 664731
tjd@lgplaw.com
*Counsel for Walmart, Inc.*
**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
service@lgplaw.com

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Under Rule of Appellate Procedure 34(a) and (f), and Eleventh Circuit Rules 28-(1)(c) and 34-3(c), Appellee, Walmart, Inc., states that oral argument is unnecessary. This case involves the application of well-settled law, the legal arguments are adequately presented in the briefs, and the record is straightforward. Appellee respectfully submits that oral argument will not assist this Court in understanding the issues.

## **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS ..................................................1

STATEMENT REGARDING ORAL ARGUMENT ............................................ i

TABLE OF CITATIONS ........................................................................ iv

STATEMENT REGARDING JURISDICTION .......................................................1

STATEMENT OF THE CASE.................................................................................2

      A. Nature of the Case ...............................................................................2

      B. Course of Proceedings...........................................................................2

      C. Statement of the Facts ..........................................................................2

      D. Standard of Review................................................................................7

SUMMARY OF THE ARGUMENT ......................................................................9

ARGUMENT AND CITATIONS OF AUTHORITY ..........................................13

      I.  THE DISTRICT COURT PROPERLY DISMISSED WITH
          PREJUDICE RAMIREZ'S COMPLAINT FOR AGE AND SEX
          DISCRIMINATION AND RETALIATION ...........................................13

          A.   The District Court Properly Found that Ramirez Failed to
               Allege Facts Showing that She Suffered Differential
               Treatment Based on her Age or Sex. .......................................15

               1.   Ramirez's Complaint Did Not Allege Any Facts
                    Showing that She Suffered Differential Treatment
                    Based on her Age or Sex. ...............................................16

               2.   Ramirez's Complaint Did Not Allege Any Facts
                      Related to Similarly Situated Comparators or

Present a Convincing Mosaic of Circumstantial Evidence. ........................................................21

B.    Ramirez's Complaint Did Not State Any Facts showing that her Termination Was Related to any Protected Activity.......................................................................24

C.    Ramirez Is Not Entitled to Reversal Where she Waived the Right to Challenge the Dismissal with Prejudice by Failing to Seek Leave to Amend in the District Court or Presenting Sufficient Allegations to Make the Complaint Viable. ............26

CONCLUSION ....................................................................32

CERTIFICATE OF COMPLIANCE.......................................33

CERTIFICATE OF SERVICE .............................................33

# TABLE OF CITATIONS

*Cases*                                                                *Page*

*Access Now, Inc. v. Sw. Airlines Co.*,
   385 F.3d 1324 (11th Cir. 2004) ..........................................................27

*Adams v. Johnson*,
   355 F.3d 1179 (9th Cir. 2004) .............................................................7

*Am. Dental Ass'n v. Cigna Corp.*,
   605 F.3d 1283 (11th Cir. 2010) ................................................... 14, 20

*Andrx Pharms., Inc. v. Elan Corp., PLC*,
   421 F.3d 1227 (11th Cir. 2005) .....................................................7, 30

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...................................................... 13, 14, 20, 26

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
   493 F.3d 87 (2d Cir.2007)...................................................................7

*Avena v. Imperial Salon & Spa, Inc.*,
   17-14179, 2018 WL 3239707 (11th Cir. July 3, 2018) .......................28

*Babb v. Sec'y, Dep't of Veterans Affs.*,
   992 F.3d 1193 (11th Cir. 2021) .........................................................18

*Bargoot v. Sch. Bd. of Palm Beach Cnty.*,
   No. 21-80849-CIV, 2022 WL 293313 (S.D. Fla. Feb. 1, 2022).................. 21, 22

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...................................................... 13, 14, 20, 26

*Brisson v. Ford Motor Co.*,
   349 Fed. Appx. 433 (11th Cir. 2009)..................................................30

*Brungart v. BellSouth Telecommunications, Inc.*,
   231 F.3d 791 (11th Cir. 2000) ..........................................................25

*Cardelle v. Miami Beach Fraternal Order of Police*,
    593 F. App'x 898 (11th Cir. 2014)........................................................16

*Cinel v. Connick*,
    15 F.3d 1338 (5th Cir.1994) .............................................................28

*Cita Tr. Co. AG v. Fifth Third Bank*,
    879 F.3d 1151 (11th Cir. 2018) .........................................................29

*Conner v. City of Naples Airport Auth.*,
    No. 2:21-CV-332-SPC-NPM, 2021 WL 4593791 (M.D. Fla. Oct. 5, 2021) ......25

*Davis v. Coca–Cola Bottling Co. Consol.*,
    516 F.3d 955 (11th Cir. 2008) ....................................................... 17-18

*Debose v. Fla., Dep't of Child. & Fams.*,
    No. 105-CV-00167-MP-AK, 2008 WL 3926858 (N.D. Fla. Aug. 20, 2008) .....17

*Delfonce v. Eltman L., P.C.*,
    712 F. App'x 17 (2d Cir. 2017) ..................................................... 27, 31

*Depree v. Thomas*,
    946 F.2d 784 (11th Cir.1991) ...........................................................27

*Domino Sugar Corp. v. Sugar Workers Local Union 392 of the United Food & Commercial Workers Int'l Union*,
    10 F.3d 1064 (4th Cir.1993) .............................................................28

*Greene v. Sch. Bd. of Broward Cty.*,
    2014 U.S. Dist. Lexis 111664 (S.D. Fla. 2014)........................................... 24-25

*Harper v. Blockbuster Entm't Corp.*,
    139 F.3d 1385 (11th Cir.1998) .........................................................16

*Harris v. Pub. Health Tr. of Miami-Dade Cnty.*,
    2023 WL 6451164 (11th Cir. Oct. 4, 2023)................................................ 19, 20

*Henderson v. JP Morgan Chase Bank N.A.*,
    436 F. App'x 935 (11th Cri. 2011) .....................................................19

*Horn v. United Parcel Servs., Inc.*,
   433 F. App'x 788 (11th Cir. 2011)........................................................17

*Horoshko v. Citibank, N.A.*,
   373 F.3d 248 (2d Cir. 2004)................................................................29

*Hurley v. Moore,*
   233 F.3d 1295 (11th Cir.2000) ...........................................................27

*In re Red Carpet Corp.*,
   902 F.2d 883 (11th Cir. 1990) ..............................................................8

*In re Westinghouse Sec. Litig.*,
   90 F.3d 696 (3d Cir. 1996)..................................................................1

*Jackson v. Bank of Am., N.A.*,
   898 F.3d 1348 (11th Cir. 2018) ..........................................................28

*Jackson v. BellSouth Telecomms.*,
   372 F.3d 1250 (11th Cir. 2004) ..........................................................25

*Jefferson v. Sewon Am., Inc.*,
   891 F.3d 911 (11th Cir. 2018) ............................................................19

*Jiles v. United Parcel Serv.*, Inc.,
   360 F. App'x 61 (11th Cir. 2010).........................................................16

*Johnson v. Miami-Dade Cty.*,
   948 F.3d 1318 (11th Cir. 2020) ..........................................................16

*Johnson v. Walt Disney Parks & Resorts U.S., Inc.*,
   No. 619CV2139ORL31EJK, 2020 WL 10354021
   (M.D. Fla. May 12, 2020) ............................................................ 16, 17

*Jones v. Community Redevelopment Agency*,
   733 F.2d 646 (9th Cir. 1984) ...............................................................7

*Lewis v. City of Union City*,
   918 F.3d 1213 (11th Cir. 2019) ..........................................................21

*Lewis v. City of Union City, Ga.*,
   934 F.3d 1169 (11th Cir. 2019) ............................................................23

*Lovett v. Ray,*
   327 F.3d 1181 (11th Cir.2003) ..............................................................27

*McDonnell Douglas Corp. v. Green*,
   411 U.S. 792 (1973).......................................................... 5, 17, 20, 23

*McMahan v. Toto*,
   256 F.3d 1120 (11th Cir. 2001) ............................................................30

*Midrash Sephardi, Inc. v. Town of Surfside,*
   366 F.3d 1214 (11th Cir.2004) ..............................................................27

*Mincey v. Head*,
   206 F.3d 1106 (11th Cir. 2000) ..............................................................8

Nat'l Union of Hosp. & Health Care Employees,
   557 F.2d 278 (2d Cir. 1977).................................................................29

*Ortez v. Washington Cnty., State of Or.*,
   88 F.3d 804 (9th Cir. 1996) ...................................................................7

*Ranger Ins. Co. v. Bal Harbour Club, Inc.*,
   549 So. 2d 1005 (Fla.1989).................................................................16

*Scribner v. Collier Cty.*,
   No. 2:10-cv-728-FTM-29DNF, 2011 WL 2746813 (M.D. Fla. July 14, 2011)..22

*Shelley v. Wesleyan Coll.*,
   No. 21-10264, 2021 WL 4553021 (11th Cir. Oct. 5, 2021) ...............................21

*Sinay v. Lamson & Sessions Co.*,
   948 F.2d 1037 (6th Cir.1991) ..............................................................28

*Smith v. Lockheed-Martin Corp.*,
   644 F.3d 1321 (11th Cir. 2011) ............................................................23

*Swierkiewicz v. Sorema, N.A.*,
    534 U.S. 506 (2002)............................................................................17

*Texas Dep't of Community Affairs v. Burdine*,
    450 U.S. 248 (1981)............................................................................17

*Uppal v. Hosp. Corp. of Am.*,
    482 F. App'x 394 (11th Cir. 2012) ............................................... 22, 25

*Vanderberg v. Donaldson*,
    259 F.3d 1321 (11th Cir. 2001) ..........................................................31

*Veale v. Fla. Dep't of Health*,
    No. 2:13-CV-77-FTM-38UAM, 2013 WL 5703577 (M.D. Fla. July 29, 2013).22

*Wagner v. Daewoo Heavy Industries Am. Corp.*,
    314 F.3d 541 (11th Cir. 2002) ................................................... 6, 28, 29

*Walker v. Jones*,
    10 F.3d 1569 (11th Cir.1994) ..............................................................27

*Webb-Edwards v. Orange Cty. Sheriff's Office*,
    525 F.3d 1013 (11th Cir. 2008) ..........................................................25

*Wilke v. Troy Reg'l Med. Ctr.*,
    852 F. App'x 389 (11th Cir. 2021) ......................................................31

*Williams v. Citigroup Inc.*,
    659 F.3d 208 (2d Cir. 2011)............................................... 7, 28, 29, 31

*Zucco Partners, LLC v. Digimarc Corp.*,
    552 F.3d 981 (9th Cir. 2009) ................................................................7

**Other Authorities**

28 U.S.C. § 1291 ..................................................................................1

28 U.S.C. § 1332 ..................................................................................1

28 U.S.C. § 1441 ..................................................................................1

42 U.S.C. § 2000 ................................................................................16

Fed. R. Civ. P. 12 ..................................................................... 4, 7, 20

Fed. R. Civ. P. 8 ......................................................................... 13, 20

Fla. Stat. § 760.10 .............................................................................16

## STATEMENT REGARDING JURISDICTION

The district court had subject-matter jurisdiction over the underlying action because it involved: complete diversity of citizenship and claims that exceeded $75,000, pursuant to 28 U.S.C. §§ 1332 (a)(1) and 1441.

The district court's order dismissing the case with prejudice is a final order, and this Court has jurisdiction under 28 U.S.C. § 1291.  *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 705 (3d Cir. 1996) ("Under the authorities discussed . . ., there is no doubt that the district court's dismissal of the case with prejudice was a reviewable, final order.").

Further, the appeal is timely.  The district court entered the Final Judgment on October 30, 2023.  [DE 19].  Ramirez timely filed her Notice of Appeal on November 6, 2023.  [DE 20].

## STATEMENT OF THE CASE

### A.    *Nature of the Case*

Ramirez, a former Walmart employee, alleges that Walmart discriminated against her based on her gender and age, and retaliated against her for engaging in protected activity.  The district court first found that Ramirez failed to set forth facts indicating any differential treatment based on her gender.  It also found that her age-related allegations were wholly unsubstantiated and instead tended to show a lack of discrimation.  Finally, it  found that she failed to allege facts showing that any protected activity was related to the adverse action.  Thus, the district court held that Ramirez failed to plead facts sufficient to make out any of her claims, and granted Walmart's motion to dismiss without sua sponte granting Ramirez leave to amend, because her counsel did not file a motion to amend or request leave to do so.  The Record on Appeal and applicable legal authorities make clear that the district court did not err or abuse its discretion in so ruling.

### B.    *Course of Proceedings*

Walmart agrees with Ramirez's description of the course of the proceedings.

### C.    *Statement of the Facts*

Ramirez's statement of facts is incomplete; thus, Walmart submits this alternate statement of facts based on the record before this Court.

Ramirez sued Walmart alleging it discriminated against her based on her age and gender, and retaliated against her for engaging in protected activity, when it fired her in June of 2021. [DE 1-2]. In her complaint ("Complaint"), Ramirez set forth four counts under the Florida Civil Rights Act ("FCRA"): an age-based-discrimination claim (count one), two retaliation claims (counts two and four), and a gender-discrimination claim (count three). *Id.*

The pertinent allegations of the Complaint are as follows:

In March 2021, Jessica, a thirty-year-old female, became [Ramirez]'s supervisor. [*Id*. ¶12]. The young supervisor changed [Ramirez]'s schedule from morning shifts to night shifts, even though newly hired employees typically worked these shifts, [*Id*. ¶13]. When Ramirez informed her supervisor that new employees are typically are[sic] given night shifts, [Jessica] told [Ramirez] that her years of experienced[sic] were worthless, she did not care how old [Ramirez] was, and that she was going to make [Ramirez] work nights anyways. [*Id*. ¶14]. The supervisor told [Ramirez] that if she did not accept the changes in her schedule, her hours would be reduced and she would lose her full-time benefits. [*Id*. ¶15]. [Ramirez] was written up by her supervisor for failing to supervise and instruct new employees, despite the fact that Ramirez was not a supervisor. [*Id*. ¶16].

Ramirez also alleged that a few months later, she was "sexually harassed by employee R. Perez, when she was cleaning a freezer." [*Id*. ¶17]. Ramirez claims that although she reported the sexual harassment to Walmart "through Plaintiff's manager, nothing was done." [*Id*. ¶18]. A few days after reporting the incident, Ramirez was written up again by "this same supervisor clearly in retaliation for her complaints of discrimination and sexual harassment." [*Id*. ¶19].

3

Ramirez further alleged that, in May, she asked for time off. [*Id*. ¶20]. Although "another supervisor, Jonathan, approved [Ramirez]'s vacation," she learned, on May 22, that she was nonetheless scheduled to work on those days. [*Id*. ¶¶21, 22]. When Ramirez complained about the conflicting information regarding her approved time off, "Human Resources" told her that "there would be an investigation." [*Id*. ¶23]. On June 3, Ramirez was terminated and informed that she was terminated because she failed to come into work on the vacation days that Jonathan had previously approved. [*Id*. ¶24]. She also maintained that any possible nondiscriminatory reasons that Walmart might have asserted to justify her termination, were merely pretextual. [*Id*. ¶¶28, 36, 50].

In response, Walmart moved to dismiss Ramirez's Complaint ("Motion to Dismiss") under Federal Rule of Civil Procedure 12(b)(6). [DE 12]. In particular, Walmart argued that: (1) Ramirez's claims for age and sex discrimination failed because the Complaint did not allege any facts showing direct or circumstantial evidence that Ramirez suffered differential treatment based on her age or sex; and (2) Ramirez's claim of retaliation failed because the Complaint did not allege any facts showing that she was terminated because she engaged in any protected activity. *Id*. Walmart added that Ramirez's Complaint did not contain any specific facts of differential treatment, but rather, simply stated conclusions such as "[Ramirez] was terminated based on age discrimination and/or gender discrimination/sexual

harassment and/or in retaliation for her complaints of sexual harassment," which were insufficient to show that Ramirez received differential sex or age-based treatment. *Id.* In addition, Ramirez's failure to allege any comparators, let alone sufficient ones, warranted dismissal. *Id.*

After full briefing, the district court thoroughly reviewed the arguments and the legal authorities, and granted Walmart's Motion to Dismiss ("Dismissal Order"). [DE 18]. The district court explained that Ramirez failed to allege facts that would allow the court to draw the reasonable inference that Walmart either discriminated or retaliated against her based on her age or sex or reports of unlawful business practices. [DE 18 p3-5]. The district court point out the absence of any allegations, and its inability to identify any allegations amounting to direct evidence of discrimination. *Id.* The district court added that to the extent Ramirez could plead her case through the *McDonnell Douglas* framework, her allegations were insufficient to do so. *Id.* Among other reasons, the court also reasoned that in opposition to Walmart's motion to dismiss, Ramirez did not deny that her allegations did not identify any comparators. *Id.*

The district court found that many of the allegations she relied on were purely conclusory, and to the extent she supplied any age-related allegations at all, those allegations more likely implied a lack of discrimination. [DE 18 p7-9]. The court concluded that Ramirez's allegations fell far short of painting a "convincing mosaic"

that her termination was motivated by any kind of discrimination against her: "it hardly amounts to a mosaic at all, never mind a convincing one." *Id*.  With respect to her retaliation claim, the district court found that Ramirez failed to allege that the person making the decision to terminate her was aware of either her sexual-harassment report or her complaint to human resources about being scheduled to work on her days off: "As Walmart points out, Ramirez fails to identify who made the decision to terminate her or, importantly, that that person—the decisionmaker—was at all aware of Ramirez's various complaints."  [DE 18 p7-9].

In dismissing Ramirez's case with prejudice without leave to amend, the district court cited to *Wagner v. Daewoo Heavy Industries Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002), holding that "[a] district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court.").  [DE 18 p10].  The district court stated that Ramirez did not seek leave to amend at any point during the litigation below nor did she in any way challenge the district court's Dismissal Order.  The district court subsequently entered judgment in favor of Walmart and directed the clerk to close the case.  [DE 19].

This appeal followed.  [DE 20].

### D. Standard of Review

District court orders dismissing complaints for failure to state a claim of employment discrimination and retaliation are reviewed de novo. *See Ortez v. Washington Cnty., State of Or.*, 88 F.3d 804, 807 (9th Cir. 1996). This Court must affirm if it appears that Ramirez would not be entitled to relief under any state of facts she could prove. 88 F.3d at 807; *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). While review is "generally limited to the face of the complaint, materials incorporated into the complaint by reference, and matter of which [the Court] may take judicial notice," this Court "may affirm a [Rule] 12(b)(6) dismissal on any basis fairly supported by the record." *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009); *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

Dismissals of complaints with prejudice, without leave to amend a complaint, are reviewed for an abuse of discretion. *Andrx Pharms., Inc. v. Elan Corp., PLC*, 421 F.3d 1227, 1236 (11th Cir. 2005); *Williams v. Citigroup Inc.*, 659 F.3d 208, 212 (2d Cir. 2011) (quoting *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 108 (2d Cir.2007) ("We review a district court's denial of leave to amend for abuse of discretion."). When employing this standard, the reviewing court must affirm unless it determines that the district judge "'fail[ed] to apply the proper legal standard or to follow proper procedures in making the determination,'" or "'made a clear error of

judgment.'" *Mincey v. Head*, 206 F.3d 1106, 1137 n.69 (11th Cir. 2000) (quoting

*In re Red Carpet Corp.*, 902 F.2d 883, 890 (11th Cir. 1990)).

## SUMMARY OF THE ARGUMENT

This Court should affirm because the district court neither erred when it dismissed Ramirez's complaint nor abused its discretion when it did so with prejudice.  On appeal, Ramirez raises two issues.  First, she argues that the district court erred in dismissing her Complaint as it stated plausible claims for discrimination and retaliation.  Second, she argues that the district court abused its discretion by not dismissing Ramirez's claims without prejudice, or with leave to amend, despite her not having sought leave to amend at any time during the underlying litigation.  Both arguments fail.

Turning to the first issue, the Florida Civil Rights Act makes it unlawful for an employer to discharge any individual or otherwise discriminate against any individual based on age or sex or to retaliate against an employee who engages in protected activity.  A plaintiff can establish her employer's discrimination and or retaliation with either direct or circumstantial evidence.  To survive a motion to dismiss, a plaintiff must allege enough facts to allow for a plausible inference that the adverse action suffered was connected to her protected characteristics and/or activity.  The complaint must provide enough factual matter, taken as true, to suggest intentional discrimination and or retaliation that is plausible on its face.  Any allegations in the complaint that are merely legal conclusions will be disregarded and will not suffice to state a claim.  In short, to survive a motion to dismiss a plaintiff

*must* allege something more than an unadorned, the-defendant-unlawfully-harmed-me accusation that is simply a formulaic recitation of the elements of a cause of action.

Here, Ramirez fails to demonstrate any error in the district court's analysis of and decision to dismiss the Complaint and case. Ramirez mostly contends that: (1) a young supervisor changed her schedule; (2) upon informing the supervisor that newly hired employees are typically assigned the night shifts, the young supervisor told Ramirez that her years of experience were worthless, that she didn't care how old Ramirez was; (3) Ramirez reported a sexual harassment incident by another employee to Walmart through Ramirez's manager but nothing was done, and "management" dismissed the incident as an inappropriate relationship between Ramirez and the other employee; (4) Ramirez was written up by her supervisor a few days later; (5) Walmart terminated Ramirez on June 3, 2021, and told her it was because she did not come to work on days another supervisor granted her request for time off.

Assuming that the allegations were true, they did not raise Ramirez's right to relief above the speculative level. The Complaint did not contain any specific facts that amounted to direct or circumstantial evidence of discrimination, leading her to believe her treatment was because of her membership in a protected class or because she reported unlawful business practices. Indeed, as the district court stated, her age-

related allegations more likely implied a *lack* of discrimination. The district court correctly dismissed the Complaint as Ramirez's allegations were insufficient to state a claim for employment discrimination or retaliation. This Court should reject Ramirez's arguments on appeal and affirm.

With respect to the district court's dismissal of the Complaint with prejudice, without leave to amend, Ramirez argues for the first time on appeal that by not dismissing her Complaint without prejudice or with leave to amend, the trial court abused its discretion. Ramirez is not entitled to review of the district court's failure to give her an opportunity to amend her Complaint, as Ramirez failed to preserve this issue for appellate review. Moreover, it is now very well settled that a district court is not required to, and thus does not abuse its discretion, by not granting a plaintiff leave to amend her complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend with a proposed amendment nor requested leave to amend before the district court.

Here, Ramirez was put on notice of her failure to properly plead her discrimination and retaliation claims by Walmart's Motion to Dismiss, pointing out the numerous deficiencies. Yet despite the passage of more than two months between the motion to dismiss and the district court's ruling, Ramirez, who was represented by counsel, did not seek leave to amend her claims at any time during the litigation. She also did not request leave to amend as an alternative prayer of

11

relief in her response to Walmart's Motion to Dismiss or challenge the district court order dismissing her case with prejudice. The district court was under no obligation under the law to *sua sponte* grant leave to amend. Under these circumstances, the district court did not abuse its discretion by dismissing her Complaint with prejudice. While acknowledging that the law does not support her position, she nonetheless requests reversal to file an amended complaint. However, none of the extraordinary circumstances allowing review of issues raised for the first time on appeal are present here, and she does not present sufficient additional allegations she could make below, which might lead to a different result. Thus, this Court should similarly reject this argument.

## ARGUMENT AND CITATIONS OF AUTHORITY

### I. THE DISTRICT COURT PROPERLY DISMISSED WITH PREJUDICE RAMIREZ'S COMPLAINT FOR AGE AND SEX DISCRIMINATION AND RETALIATION

On appeal, Ramirez assigns two errors to the trial court. First, she argues that the district court erred in dismissing her Complaint as it stated plausible claims for discrimination and retaliation. Second, she argues that the district court abused its discretion by not dismissing her claims without prejudice, or with leave to amend. IB at 18, 20.

Motions to dismiss are designed to test the sufficiency of a plaintiff's complaint. A plaintiff must at least meet the requirements of Federal Rule of Civil Procedure 8. Under Rule 8, "[a] pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As the Supreme Court explained in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), "[a] pleading that offers 'labels sand conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Instead, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570).

A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). In short, to survive a motion to dismiss a plaintiff ***must*** allege something more "than an unadorned, the-defendant-unlawfully-harmed-me accusation" that is simply a "formulaic recitation of the elements of a cause of action…." *Id*. (quoting *Twombly*, 550 U.S. at 555).

This Court utilizes a two-pronged approach in its application of the holdings in *Iqbal* and *Twombly*. First, the Court will "eliminate any allegations in the complaint that are merely legal conclusions." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010). Next, "where there are well-pleaded factual allegations," the court will "'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Id*. (quoting *Iqbal*, 556 U.S. at 679). Further, the Court can infer "'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n*, 605 F.3d at 1290 (quoting *Iqbal*, 556 U.S. at 682) (brackets omitted).

14

This framework makes clear that the district court properly dismissed Ramirez's Complaint for failing to state a claim for employment discrimination or retaliation, and further that it did not abuse its discretion in dismissing it with Prejudice without leave to amend; Ramirez failed to preserve the prejudice issue for appellate review by not seeking leave to amend at any point during the litigation below. Further, she is not entitled to reversal of the Final Judgment on this issue as she fails to present sufficient additional facts from which this Court could conclude that she could have cured the deficiencies in her Complaint. Therefore, this Court should affirm.

### A. The District Court Properly Found that Ramirez Failed to Allege Facts Showing that She Suffered Differential Treatment Based on her Age or Sex.

In the Initial Brief, Ramirez argues that the district court erred in dismissing her Complaint because she stated plausible claims for age and sex discrimination. While acknowledging not having direct evidence of discrimination, she argues that during the pleading stage she only must provide enough factual matter to suggest intentional discrimination. IB at 18. In conclusory-fashion, she argues that she met applicable pleading standards and simply refers to paragraphs of her Complaint which she argues contain substantial and detailed factual allegations about the discriminatory treatment she was subjected to. IB at 18. This argument is belied by the record and the applicable law.

15

### 1. Ramirez's Complaint Did Not Allege Any Facts Showing that She Suffered Differential Treatment Based on her Age or Sex.

The Florida Civil Rights Act makes it unlawful for an employer to discharge any individual or otherwise discriminate against any individual with respect to her/his compensation, terms, conditions, or privileges of employment, because of such individual's age or sex.  Fla. Stat. Sec. 760.10(a).  "Florida courts have held that decisions construing Title VII are applicable when considering claims of discrimination under the Florida Civil Rights Act," because the FCRA was patterned after Title VII.  *See e.g., Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir.1998) (citing *Ranger Ins. Co. v. Bal Harbour Club, Inc.*, 549 So. 2d 1005, 1009 (Fla.1989)); *Johnson v. Miami-Dade Cty.*, 948 F.3d 1318, 1325 (11th Cir. 2020) Fla. Stat. § 760.10(a); 42 U.S.C. § 2000e–2(a)(1).  Similarly, "courts employ the same analysis when evaluating age discrimination claims under the ADEA and FCRA."  *Cardelle v. Miami Beach Fraternal Order of Police*, 593 F. App'x 898, 901 n.6 (11th Cir. 2014).  Therefore, this case under the FCRA is analyzed in the same manner as those brought under Title VII and the ADEA.  *Jiles v. United Parcel Serv.*, Inc., 360 F. App'x 61, 63 (11th Cir. 2010).  A plaintiff pursuing a claim under either statute can establish her employer's discrimination with either direct or circumstantial evidence.  *Johnson v. Walt Disney Parks & Resorts U.S., Inc.*, No. 619CV2139ORL31EJK, 2020 WL 10354021, at *2 (M.D. Fla. May 12, 2020)

Where, as here, a plaintiff seeks to establish intentional age or sex discrimination based on circumstantial evidence, the courts analyze FCRA claims under the *McDonnell Douglas* burden-shifting framework[1].  *Johnson*, 2020 WL 10354021, at *2 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973)).  However, a plaintiff asserting unlawful age or sex discrimination is not required to establish a *prima facie* case of the employer's liability to survive a motion to dismiss.  *Johnson*, 2020 WL 10354021, at *2 (citing *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510 (2002)) (noting that the "burden-shifting analysis is an evidentiary standard, not a pleading requirement, and thus it applies only to summary judgment motions and beyond").

Rather, to avoid dismissal, a plaintiff's complaint must "provide enough factual matter to plausibly suggest **intentional discrimination**."  *Id*. (citation omitted) (emphasis added); *see also Davis v. Coca–Cola Bottling Co. Consol.*, 516

---

[1] Under that framework, a plaintiff must first state a *prima facie* case of age discrimination by establishing that she was (1) a member of the protected group of persons between the ages of forty and seventy, (2) subjected to an adverse employment action, (3) qualified to do the job, and (4) replaced by a younger individual.  *Horn v. United Parcel Servs., Inc.*, 433 F. App'x 788, 792 (11th Cir. 2011) (describing the first step of the *McDonnell Douglas* burden-shifting analysis). Under the *McDonnell-Douglas* framework for sex discrimination, the plaintiff is required to establish a *prima facie* showing that she was subject to different treatment, and that such treatment was based on her sex.  *Debose v. Fla., Dep't of Child. & Fams.*, No. 105-CV-00167-MP-AK, 2008 WL 3926858, at *4 (N.D. Fla. Aug. 20, 2008) (citing *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 254 (1981)).

F.3d 955, 974-75 (11th Cir. 2008) (stating that a complaint "must provide enough factual matter [taken as true] to suggest intentional … discrimination").  Further, the complaint must provide facts showing that "the protected characteristic is 'the but-for cause of differential treatment.'"  *Babb v. Sec'y, Dep't of Veterans Affs.*, 992 F.3d 1193, 1199 (11th Cir. 2021) (quoting *Babb v. Wilkie*, 140 S. Ct. 1168, 1174 (2020).  In sum, the complaint must sufficiently allege ***facts – not mere conclusions*** showing that the plaintiff was subjected to differential treatment based on her age or sex.

Here, in the Initial Brief Ramirez argues that her Complaint met pleading requirements as it contained substantial and detailed factual allegations about the discriminatory treatment to which she was subjected.  IB at 18.  However, the bulk of Ramirez's facts in the Complaint to which she simply refers in her Initial Brief, are that (1) a young supervisor changed Ramirez's schedule; (2) upon informing the supervisor that newly hired employees are typically assigned the night shifts, the young supervisor told Ramirez that her years of experience were worthless, that she didn't care how old Ramirez was; (3) Ramirez reported a sexual harassment incident by another employee to Walmart through Ramirez's manager but nothing was done, and "management" dismissed the incident as an inappropriate relationship between Ramirez and the other employee; (4)  Ramirez was written up by her supervisor a few days later; (5) Walmart terminated Ramirez on June 3, 2021 and told her it was

because she did not come into work on days which another supervisor granted her request to take time off.

The district court's well-reasoned analysis of Ramirez's claims support its conclusion that Ramirez failed to "plead facts sufficient to indicate Walmart's treatment of her was motivated by discriminatory animus and that her allegations, at best, amounted to nothing more than legal conclusions and formulaic recitations of the elements of discrimination claims." [DE 18 p5-8]. None of Ramirez's "factual allegations" above amount to direct or circumstantial evidence of differential treatment based on discriminatory animus or intentional discrimination. *Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 921 (11th Cir. 2018) ("Direct evidence is evidence, that, if believed, proves the existence of discriminatory intent without inference or presumption."); *Harris v. Pub. Health Tr. of Miami-Dade Cnty.*, 2023 WL 6451164, at *2 (11th Cir. Oct. 4, 2023) ("[O]nly the most blatant remarks, whose intent could be nothing other than to discriminate, constitute direct evidence of discrimination."). Ramirez's Complaint failed to contain sufficient facts to support a plausible inference that Walmart engaged in intentional discrimination against her in terminating her employment. *See Henderson v. JP Morgan Chase Bank N.A.*, 436 F. App'x 935, 937 (11th Cri. 2011). In addition, Ramirez failed to allege facts showing that her termination was based on her age or gender or that they were even a motivating factor; There were no blatant remarks or factual allegations regarding

19

her gender or her age, whose intent or purpose could be nothing other than to discriminate. *Id.; Harris*, 2023 WL 6451164, at *2.

Ramirez also points to allegations she argues prevent dismissal: (1) she was sexually harassed and victimized by another employee; (2) she was written up in retaliation for reporting an incident of sexual harassment; (3) she was terminated based on age discrimination and/or gender discrimination and/or retaliation for complaining about sexual harassment; (4) Walmart discriminated against Ramirez based on her age; and (5) even if Walmart asserts legitimate reasons for its adverse employment actions against Ramirez, her gender was nonetheless a motivating factor. [DE 1 p3-5]; IB at 17-18. However, all of these allegations are conclusory and not well-pled factual allegations as required by Rule 8 to survive a motion to dismiss under Rule 12(b)(6) and they must be disregarded. *See* Fed. R. Civ. P. 8(a)(2) and 12(b)(6). *See Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570) (the complaint "must . . . contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.")). Thus, the Complaint was devoid of factual content to allow the court to draw the reasonable inference that Walmart was liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. To the extent Ramirez attempted to prove discrimination under the *McDonnell Douglas* framework, her allegations were insufficient to do so; a contention that Ramirez did not dispute below.

Therefore, the district court correctly found that the Complaint failed to allege sufficient evidence of intentional discrimination.

> **2.** **Ramirez's Complaint Did Not Allege Any Facts Related to Similarly Situated Comparators or Present a Convincing Mosaic of Circumstantial Evidence.**

To prove a case of discrimination based upon circumstantial evidence, Ramirez also needed to at least plead, among other things, that her employer treated similarly situated employees outside the protected class differently or more favorably." *Bargoot v. Sch. Bd. of Palm Beach Cnty.*, No. 21-80849-CIV, 2022 WL 293313, at *4 (S.D. Fla. Feb. 1, 2022). In *Shelley*, this Court confirmed the ***necessity*** of proving a similarly situated comparator and explained, "[w]e have noted before that 'discrimination is a comparative concept – it requires an assessment of whether like (or instead different) people or things are being treated differently.'" *Shelley v. Wesleyan Coll.*, No. 21-10264, 2021 WL 4553021, at *3 (11th Cir. Oct. 5, 2021) (quoting *Lewis v. City of Union City*, 918 F.3d 1213, 1223 (11th Cir. 2019) (en banc)). "To prove that an employer treated a similarly situated individual outside the employee's protected class more favorably, the employee must show that she and her proffered comparators were 'similarly situated in ***all material respects***.'" *Id.* (emphasis added). "Generally, a similarly-situated comparator will engage in the same basic conduct as the plaintiff, will be subject to the same policies, will have

21

the same supervisors, and will share the plaintiff's employment or disciplinary history." *Id.*

Ramirez failed to make any allegations about any comparators in the Complaint, let alone comparators who were similarly situated to Plaintiff in all material respects. It naturally followed that the complete absence of any comparator allegations in the Complaint warranted dismissal under this Court's precedent granting or affirming dismissals where plaintiffs attempted to set forth conclusory, allegations about supposed comparators. *See e.g., Uppal v. Hosp. Corp. of Am.*, 482 F. App'x 394, 396 (11th Cir. 2012) (affirming dismissal of race discrimination case where plaintiff "never once supplement[ed] the[] allegations of disparate treatment with any factual detail, such as even a brief description of how the alleged comparator employees were outside of her protected class"); *Bargoot*, 2022 WL 293313, at *4 (dismissing count of amended complaint alleging discrimination based on disparate treatment "for failing to allege a similarly situated comparator"); *See also Veale v. Fla. Dep't of Health*, No. 2:13-CV-77-FTM-38UAM, 2013 WL 5703577, at *5 (M.D. Fla. July 29, 2013) (granting motion to dismiss where plaintiff "simply stated that there were other employees that were similarly situated, outside her protected class, who received more favorable treatment"); *Scribner v. Collier Cty.*, No. 2:10-cv-728-FTM-29DNF, 2011 WL 2746813, at *4 (M.D. Fla. July 14, 2011) (granting motion to dismiss where plaintiff's allegations were "conclusory").

Accordingly, the district court did not err in finding that the Complaint was devoid of allegations to support a prima facie case under the *McDonnell Douglas* framework.

Last, but not least, Ramirez's allegations taken together, did not present a convincing mosaic of circumstantial evidence that would allow the inference of intentional discrimination by the decision-maker.  *See Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011).  A plaintiff may meet this mosaic standard by showing, "among other things, (1) suspicious timing, ambiguous statements, and other bits and pieces from which an inference of discriminatory intent might be drawn, (2) systematically better treatment of similarly situated employees, and (3) that the employer's justification is pretextual." *Lewis v. City of Union City, Ga.*, 934 F.3d 1169, 1185 (11th Cir. 2019).

Ramirez's age-related allegations were wholly insubstantial, and indeed, tended to support a lack of discrimination.  She did not allege any ambiguous statement, suspicious timing, or other pieces of factual evidence from which a plausible inference might be drawn that she was intentionally discriminated against or that her age and gender were even a motivating factor.  As the court correctly found, Ramirez's allegations were insufficient, as most were purely conclusory and otherwise failed to "coalesce into creating a reasonable inference of either age or gender discrimination."  [DE 18 at 6].  The court also pointed out that "Ramirez

23

herself appeared to concede as much by failing to adduce any real opposition to Walmart's basic arguments." *Id.* In the Initial Brief, she similarly does not show how the allegations in the Complaint supported her conclusion that her age or sex played a role in her termination. Indeed, the brief simply concludes without support that she met pleading requirements, reiterates her conclusory allegations, and insufficient opposition before the district court. As Ramirez has not demonstrated that the district court erred in finding that she failed to state a claim as to count one or two of her Complaint, this Court should affirm.

### B. Ramirez's Complaint Did Not State Any Facts showing that her Termination Was Related to any Protected Activity.

Ramirez also argues that the district court erred in dismissing her Complaint because it stated a plausible claim for retaliation based on her protected complaints. Again, in a conclusory fashion, she argues that she met applicable pleading standards by simply citing to paragraphs of her Complaint, which she argues adduced sufficient facts to allow a reasonable inference that she was terminated in retaliation for her complaints. This argument should be similarly disregarded as it is belied by the record and applicable law.

To establish a prima facie case of retaliation, a plaintiff must show: (1) that she engaged in statutorily protected expression; (2) she suffered an adverse employment action; and (3) the adverse action was causally related to the protected activity. *Greene v. Sch. Bd. of Broward Cty.*, 2014 U.S. Dist. Lexis 111664 (S.D.

24

Fla. 2014) (citing *Webb-Edwards v. Orange Cty. Sheriff's Office*, 525 F.3d 1013, 1028 (11th Cir. 2008).  While a plaintiff need not make out a *prima facie* case to survive dismissal, she must still satisfy basic pleading standards to allege the elements of retaliation.  *Conner v. City of Naples Airport Auth.*, No. 2:21-CV-332-SPC-NPM, 2021 WL 4593791, at *2 (M.D. Fla. Oct. 5, 2021) citing *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1270-71 (11th Cir. 2004).

Here, the Complaint was devoid of facts showing that Ramirez was terminated because she complained about alleged discrimination or because she engaged in any other protected activity.  [DE 1-2].  The Complaint further failed to allege who made the decision to terminate her employment, or that the decisionmaker was aware of any complaints that Ramirez made to Walmart. *Id.*  Ramirez only referred to "Defendant" or "Management," failing to identify or describe any particulars.  *Id*. Proffering only that someone in the organization knew of the protected conduct is not enough; Ramirez needed to plead that the person taking the adverse action was aware of the protected expression.  *See Uppal*, 482 F. App'x 394, at 397 (affirming dismissal of retaliation claim where plaintiff did not allege that decisionmaker was aware of alleged protected activity); *Brungart v. BellSouth Telecommunications, Inc.*, 231 F.3d 791, 799 (11th Cir. 2000) (to satisfy the causation element of a retaliation claim, "the plaintiff must generally show that the decision maker was aware of the protected conduct at the time of the adverse employment action").

25

Instead of stating any facts, Ramirez merely alleges that "Plaintiff was terminated based on age discrimination and/or gender discrimination/sexual harassment and/or in retaliation for her complaints of sexual harassment." [DE 1-2 ¶ 25]. These recitations are wholly conclusory and, therefore, fail to state a retaliation claim. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555 (to survive dismissal, a complaint must include more than "the-defendant-unlawfully-harmed-me" allegations that are simply a "formulaic recitation of the elements of a cause of action")).

C.    **Ramirez Is Not Entitled to Reversal Where she Waived the Right to Challenge the Dismissal with Prejudice by Failing to Seek Leave to Amend in the District Court or Presenting Sufficient Allegations to Make the Complaint Viable.**

While admitting that she never sought leave to amend before the district court at any point during the litigation, Ramirez argues that the trial court abused its discretion by not *sua sponte* dismissing her Complaint without prejudice, or with leave to amend. By raising this issue for the first time on appeal, Ramirez failed to preserve it for appellate review. Moreover, as she did not seek to amend her claims, the district court was not legally required to give her an opportunity to amend. Thus, the district court did not abuse its discretion in dismissing the case with prejudice, without leave to amend. Ramirez further requests reversal from this Court in conclusory fashion, arguing that she should be allowed to amend as she stands ready to cure the deficiencies in her claims. Ramirez's argument is insufficient to warrant

reversal. Therefore, this Court should reject it and affirm the Final Judgment on these grounds as well.

The rule of preservation, which is a keystone in the appellate process, dictates that absent limited and exceptional circumstances, not present here, an appellate court will not consider an issue that has been raised for the first time on appeal. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004). This Court has "repeatedly held that 'an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court.'" *Walker v. Jones,* 10 F.3d 1569, 1572 (11th Cir.1994) (quoting *Depree v. Thomas,* 946 F.2d 784, 793 (11th Cir.1991)); *see also Midrash Sephardi, Inc. v. Town of Surfside,* 366 F.3d 1214, 1222 n. 8 (11th Cir.2004) ("The district court was not presented with and did not resolve an equal protection argument based on Surfside's treatment of private clubs and lodges. Therefore, we will not consider this argument on appeal."); *Lovett v. Ray,* 327 F.3d 1181, 1183 (11th Cir.2003) ("Because he raises that argument for the first time in his reply brief, it is not properly before us."); *Hurley v. Moore,* 233 F.3d 1295, 1297 (11th Cir.2000) ( "Arguments raised for the first time on appeal are not properly before this Court.").

It is also well settled that the rule of preservation applies to the dismissal of a complaint with prejudice. *See, e.g., Delfonce v. Eltman L., P.C.*, 712 F. App'x 17, 20 (2d Cir. 2017) (finding no reason to grant relief in this Court that was not

27

requested below). While courts will generally give plaintiffs chances to amend and correct the deficiencies in their pleading, that practice is not without limits; the key is whether the plaintiff had fair notice of the defects and a meaningful chance to fix them. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018).

Moreover, in *Wagner v. Daewoo Heavy Indus. Am. Corp.*, this Court joined many of its sister circuits in holding that "a district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." 314 F.3d 541, 542 (11th Cir. 2002); (citing to e.g., *Cinel v. Connick*, 15 F.3d 1338, 1346 (5th Cir.1994); *Domino Sugar Corp. v. Sugar Workers Local Union 392 of the United Food & Commercial Workers Int'l Union*, 10 F.3d 1064, 1068 n. 1 (4th Cir.1993); *Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037, 1041–42 (6th Cir.1991)). This rule has been well settled in this circuit since. *See, e.g, Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002); *Avena v. Imperial Salon & Spa, Inc.*, 17-14179, 2018 WL 3239707, at *3 (11th Cir. July 3, 2018) ("[W]e've rejected the idea that a party can await a ruling on a motion to dismiss before filing a motion for leave to amend."); *Williams*, 659 F.3d at 212 (same).

In this case, Ramirez argues for the first time on appeal that she should have been able to amend her complaint. Despite having been made aware of the

deficiencies in the Complaint by Walmart's Motion to Dismiss and having had the opportunity to seek leave to amend, Ramirez admits not having sought leave to amend at any time during the litigation below. Nonetheless, she argues that the district court abused its discretion by failing to *sua sponte* dismiss her Complaint without prejudice or with leave to amend, because she had reasonable grounds for opposing the dismissal. IB at 19.

Ramirez's contention that the district court "abused its discretion in not permitting an amendment that was never requested, is frivolous." *Horoshko v. Citibank, N.A.*, 373 F.3d 248, 250 (2d Cir. 2004); *Williams*, 659 F.3d at 212. By failing to properly file a motion or otherwise seek leave to amend that proffered the proposed amendment, from which the district court could have concluded, that Plaintiff may have been able to state a claim successfully, Ramirez failed to preserve this issue for review. *See Cita Tr. Co. AG v. Fifth Third Bank*, 879 F.3d 1151, 1157 (11th Cir. 2018). Furthermore, it is now very well settled in this Court, as Ramirez admits, that a district court is not required to *sua sponte* dismiss with leave to amend or without prejudice, where the plaintiff who is represented by counsel has not sought leave to amend. *See Wagner*, 314 F.3d 542; *Nat'l Union of Hosp. & Health Care Employees,* 557 F.2d 278, 282 (2d Cir. 1977) (holding that because an amendment is not warranted "[a]bsent some indication as to what appellants might add to their complaint in order to make it viable," the district court was under no

obligation to provide leave to amend the complaint, much less provide such leave *sua sponte*).

While acknowledging that the applicable legal authorities disagree with her, she requests reversal from this Court for an opportunity to amend her Complaint. In support of her argument, Ramirez relies on *Brisson v. Ford Motor Co*., where this Court affirmed a lower court's dismissal of the plaintiff's complaint but concluded "that the district court erred in *sua sponte* disallowing plaintiffs' leave to file a second amended complaint." 349 Fed. Appx. 433, 435 (11th Cir. 2009). *Brisson* is distinguishable. There, the refusal to allow the amendment was based on futility, which the court was required to review *de novo*. *See* 349 F. App'x at 434 ("[W]hen 'the denial is based on a legal determination that amendment would be futile, we review the district court's decision *de novo*'"). Moreover, in *Brisson*, this Court declined to hold against the plaintiffs their failure to defy the district court's order telling them, in effect, not to file a motion to amend. *Id*. There are no such facts here and the applicable standard of review for this Court's consideration is the highly deferential abuse of discretion standard. *Andrx Pharms., Inc. v. Elan Corp., PLC*, 421 F.3d 1227, 1236 (11th Cir. 2005); *McMahan v. Toto*, 256 F.3d 1120, 1129 (11th Cir. 2001) (stating that "under an abuse of discretion standard there will be circumstances in which we would affirm the district court whichever way it went").

Further, Ramirez also failed to challenge the district court's dismissal with prejudice before appealing to this Court.

In the Initial Brief, she claims in conclusory fashion that the deficiencies can easily be remedied by adding comparators, which she is ready to do, and to plead sufficient facts to indicate that Walmart's treatment of her was motivated by discriminatory animus.   [IB at 19-23].   She does not, however, provide any additional information or new facts to cure the many deficiencies in her Complaint or from which the Court can reasonably conclude that she may be able to state a claim successfully.  *Delfonce*, 712 F. App'x at 20 (finding no abuse of discretion in the district court's failure to grant leave to amend *sua sponte* where appellant requested leave to amend his complaint for the first time on appeal and did not provide any specific additional allegations or facts he might add to his complaint to make it viable); *Williams*, 659 F.3d at 212 (finding no abuse of discretion in the district court's failure to grant leave to replead sua sponte); *Wilke v. Troy Reg'l Med. Ctr.*, 852 F. App'x 389, 392 (11th Cir. 2021) (citing *Vanderberg v. Donaldson*, 259 F.3d 1321, 1326 (11th Cir. 2001) (holding that the district court did not abuse its discretion in denying leave to amend where the plaintiff did not move for leave to amend until after the dismissal order and the "[p]laintiff failed to allege new facts from which the district court could have concluded that [the] [p]laintiff may have been able to state a claim successfully").

Under these circumstances, Ramirez has failed to demonstrate any "clear error of judgment" or "substantial injustice" in the district court's decision to dismiss with prejudice, without leave to amend and has also failed to allege sufficient additional information to warrant a reversal to allow an amendment. Therefore, this Court should affirm.

## CONCLUSION

For the reasons stated above, this Court should affirm the Dismissal Order and Final Judgment.

Respectfully submitted,

/s/ Tricia J. Duthiers
TRICIA J. DUTHIERS
Florida Bar No. 664731
tjd@lgplaw.com
*Counsel for Walmart, Inc.*
**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
service@lgplaw.com

## CERTIFICATE OF COMPLIANCE
## WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND
## <u>TYPE-STYLE REQUIREMENTS</u>

1.  This document complies with the word limit of Fed. R. App. P. 32(a)(7) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

✓  this document contains 7,123 words.

2.  This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

✓  this document has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14-point Times New Roman style font.

/s/ Tricia J. Duthiers
TRICIA J. DUTHIERS
Florida Bar No. 664731
tjd@lgplaw.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 2, 2024, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all parties via the method indicated on the Service List attached.

/s/ Tricia J. Duthiers
TRICIA J. DUTHIERS
Florida Bar No. 664731
tjd@lgplaw.com

Service List:

Jason S. Remer, Esq.
Remer Georges-Pierre
& Hoogerwoerd, PLLC
2745 Ponce de Leon Blvd.
Coral Gables, FL 33186
jremer@rgph.law